# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LON ALLEN CLARK,<br><br>  Plaintiff,<br><br>v.<br><br>CRAIG MCCORMICK, ET AL.,<br><br>  Defendants. | Case No. 2:21-cv-00173-RFB-DJA<br><br>**ORDER** |

This matter is before the Court on prisoner Plaintiff Lon Allen Clark's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 1) and Complaint (ECF No. 1-1) filed on February 1, 2021.

**I.**  *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff is currently incarcerated and the Financial Certificate submitted along with his Application indicates that his inmate account has a current account balance of $0.14, an average monthly balance of $0.73, and an average monthly deposit of $245.14. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is able to pay an initial partial filing fee of $49.14. Accordingly, Plaintiff's request to proceed in forma pauperis is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995. Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action. The Court will now review Plaintiff's Complaint.

/ / /

## II.     Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. B*ush, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on his arrest for battery with substantial bodily harm. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 against a LVMPD officer, attorney, state court judge, and accountant. He claims that he was shot on November 15, 2019 by LVMPD officer Cory McCormick. Plaintiff further claim that he appeared before Judge Goodman, who was biased because he was the same Judge who was involved in a prior case with his mother. Then, Plaintiff alleges he was arrested by 75-100 police officers on November 16, 2020. He claims that McCormick racially profiled him and he did not receive sufficient medical treatment. Moreover, Plaintiff accuses attorney Danielle Piepe, accountant Laura Winslow, and Judge Goodman of utilizing false evidence to convict him. He seeks 99 million dollars for his physical injuries and 5 million dollars for the loss of his dog. Plaintiff also indicates that he has PTSD, bipolar, anxiety, and agoraphobia.

Overall, it appears as though Plaintiff is attempting to assert claims regarding violation of due process based on an unfair trial, racial profiling, mistaken identity, failure to provide medical treatment along with malicious prosecution and breach of trust tort claims. However, his

Complaint fails to identify specifically which constitutional rights he is alleging were violated and which claims he is asserting against each of the defendants.  Further, he seeks immediate release and $104 million dollars.  To the extent that he is challenging his sentence, then this case is not properly brought as it is not the correct avenue to challenge a conviction and/or sentence.  Moreover, he indicates that he seeks to bring claims against the LVMPD officer in both his official and individual capacity, but has failed to meet the standard for establishing that the official capacity is proper.  Plaintiff failed to allege any facts to overcome the judicial immunity accorded to an attorney and Judge performing their official duties.  Finally, although he essentially accuses Winslow of making false statements, he fails to specify them in sufficient detail for the Court to determine if he is able to state a viable claim.  Plaintiff will be given leave to amend and should include specific factual allegations setting forth each claim, against each defendant, in order for the Court to determine if his claims are able to survive screening.

### III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion/Application to Proceed *in forma pauperis* (ECF No. 1) is **granted**.  Plaintiff shall be required to pay an initial partial filing fee of **$49.14**.  However, even if this action is dismissed, the full filing fee of must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's account (inmate #1373030), in the months that the account exceeds $10.00, until the full filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1), but shall not issue summons.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **March 5, 2021** to file an amended complaint correcting the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this Order may result in the Court recommending that this action be dismissed**.

DATED: February 5, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE