UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LON ALLEN CLARK, | Case No. 2:21-cv-00173-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CRAIG MCCORMICK, ET AL., | |
| Defendants. | |

This matter is before the Court on prisoner Plaintiff Lon Allen Clark's Amended Complaint (ECF No. 9), filed on March 19, 2021. The Court previously screened his original complaint on February 5, 2021, noted the deficiencies, and provided Plaintiff with an opportunity to amend. Plaintiff timely filed his Amended Complaint and the Court will now screen it.

A court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*,

720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. B*ush, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on his arrest for battery with substantial bodily harm.  42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.*

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be held liable under Section 1983 if an official policy or custom directly

caused the violation of an individual's constitutional rights.  A plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)).  A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer.  *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989).  However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  *Nadell v. LVMPD*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)).

Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 against a LVMPD officer in his personal and official capacity, the Las Vegas Metropolitan Police Department, and the City of Las Vegas, Nevada.  He voluntarily removes Defendants Danielle K. Pieper, Eric Goodman, and Laura Winslow.  He claims that he was shot on November 15, 2019 by LVMPD officer Cory McCormick.  He claims that McCormick racially profiled him and he did not receive sufficient medical treatment.  Plaintiff also contends that Metro failed to maintain training standards and did not properly discipline McCormick for the alleged actions.

Based on the allegations in his Amended Complaint, Plaintiff contends that his 14th Amendment rights were violated by use of excessive force by McCormick.  Notably, Plaintiff is unlikely to survive a challenge to his claim against McCormick in his official capacity given that Plaintiff is also pursuing a claim against Metro.  However, the Court will permit his claim against McCormick to survive screening as stated at this time.  Similarly, Plaintiff's claim against the City of Las Vegas may not survive dismissal as Metro is the appropriate entity to be named if attempting to claim *Monell* liability.  Nevertheless, the Court will permit both entities to be named as Plaintiff has stated sufficient allegations to survive screening at this time and an immunity challenge may be presented to the Court later in a dispositive motion.

1  IT IS THEREFORE ORDERED that Plaintiff is permitted to proceed on his Amended Complaint on the following claims: excessive force under the 14th Amendment against Defendant McCormick and Section 1983 claim against Metro and the City of Las Vegas for ratification of excessive force.

IT IS FURTHER ORDERED that as Plaintiff voluntarily dismisses any claims against Defendants Danielle K. Pieper, Eric Goodman, and Laura Winslow, they shall be dismissed from this case.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue Summons to Defendants McCormick, Metro, and the City of Las Vegas, and deliver the same to the U.S. Marshal for service.  The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 9) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that Plaintiff shall have thirty days in which to furnish the U.S. Marshal with the required Form USM-285.[1]  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

IT IS FURTHER ORDERED that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: March 25, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE