UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lon Allen Clark,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Cory McCormick, et al.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00173-RFB-DJA<br><br>**Order** |

  This is a 42 U.S.C. § 1983 excessive force action arising out of Las Vegas Metropolitan Police Department (LVMPD) and its officer Cory McCormick's arrest of Plaintiff in 2019. Plaintiff sues Defendants LVMPD, McCormick, and the City of Las Vegas[1] for damages and injunctive relief, asserting that McCormick violated his 14th Amendment rights by using excessive force and that LVMPD and The City ratified that force. (ECF Nos. 9 and 10). After discovery closed and the deadline to file motions for summary judgment passed, Plaintiff filed two motions to compel Defendants' responses to his interrogatories. (ECF Nos. 43 and 45). Defendants responded, arguing that Plaintiff's motions were untimely. (ECF Nos. 44 and 28). Plaintiff did not file replies. Plaintiff also moved for appointment of counsel. (ECF No. 54). Defendants responded. (ECF No. 56). Plaintiff did not reply.

  Because the Court finds that Plaintiff did not meet and confer before bringing his motions to compel, it denies both motions. Because the Court finds that Plaintiff has not expressed exceptional circumstances to warrant appointing counsel, it denies his motion for appointment of counsel. The Court finds these matters properly resolved without a hearing. LR 78-1.

---

[1] Plaintiff did not successfully serve the City of Las Vegas. The Court thus refers to LVMPD and McCormick, but not the City, collectively as "Defendants."

**I.    Background.**

  *A. Plaintiff's first motion to compel.*

  The Court's scheduling order in this case set discovery to end on October 24, 2021.  (ECF No. 32 at 2).  It set the deadline for discovery motions on November 7, 2021.  (*Id.* at 3).  It also provided that each discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order."  (*Id.*).  Finally, the order set deadlines for summary judgment motions on November 23, 2021.  (*Id.* at 4).

  Although Plaintiff includes multiple attachments, his motion is short, requesting "answers to interrogatories and provide body cam audio by the seconds" that he states Defendants withheld.  (ECF No. 43 at 1-2).  Confusingly, Plaintiff's first motion to compel is dated November 3, 2021, before the deadline for discovery motions.  (*Id* at 1).  But the motion is post-marked December 6, 2021 and was filed December 8, 2021, long after the discovery motion and the summary judgment deadlines had passed.  (*Id.* at 19).  Plaintiff does not provide an explanation for the discrepancy.  Plaintiff also attaches his interrogatories, which are dated October 4, 2021.  (*Id.* at 12).

  In response, Defendants argue that Plaintiff's motion is untimely, and Plaintiff failed to certify that he met and conferred before filing it.  (ECF No. 44 at 1).  Defendants assert that Plaintiff's interrogatories were late, although they do not explain when they received them.  (*Id.* at 2).  Defendants add that Plaintiff's motion was late as well, having been filed on December 8, 2021.  (*Id.* at 5).  Defendants argue that, during the discovery period, "Plaintiff did *nothing to seek his own discovery*," (*Id.* at 5-6) (emphasis in original).  But Defendants do not address the interrogatories Plaintiff attaches, dated October 4, 2021.  Defendants conclude that Plaintiff did not meet and confer prior to filing the motion.  (*Id.* at 6).

  *B. Plaintiff's second motion to compel.*

  Plaintiff's second motion to compel asserts that he served Defendants with his interrogatories on November 18, 2021 (after discovery had closed).  (ECF No. 45).  Plaintiff then asserts that Defendants then filed a motion on November 23, 2021 "without participating in the

discovery process." (*Id.* at 1). Plaintiff asserts that he "has not received responses to his discovery requests from any of the Defendants in this matter." (*Id.* at 2).

Defendants respond with many of the same arguments they made in response to Plaintiff's first motion to compel, adding that Plaintiff's assertion that they did not participate is untrue. (ECF No. 48 at 1). Defendants do not respond to Plaintiff's contention that he served Defendants with interrogatories on November 18, 2021. They reassert, however, that during discovery Plaintiff "did *nothing* to seek his own discovery." (*Id.* at 6) (emphasis in original). Defendants, on the other hand, "*did* in fact, participate in discovery through propounding both initial disclosures and written discovery upon Plaintiff." (*Id.*) (emphasis in original). Defendants conclude by asserting that Plaintiff again failed to meet and confer. (*Id.*).

Plaintiff later filed a "declaration" in support of his motions to compel, asking for the Court to reopen discovery so that he could receive the interrogatory responses. (ECF No. 49). Defendants submitted a competing "declaration" asserting that the Court should deny Plaintiff's request to extend or reopen discovery because of his failure to show good cause or excusable neglect. (ECF No. 53). In that declaration, Defendants clarify that Plaintiff "did not propound any [written discovery] until months after the deadline." (*Id.* at 2).

### C. Plaintiff's motion to appoint counsel.

Plaintiff moved for the Court to appoint counsel, arguing that the case is complex, and he has limited knowledge of the law. (ECF No. 54). He argues that one of his claims involves the denial of medical care, which will require him to call an expert witness and that he is unable to investigate the facts or find witnesses because he is incarcerated. (*Id.* at 6-7). He adds that his account of the incident conflicts with Defendants such that the case will turn on a credibility contest between him and Defendants. (*Id.* at 7). He concludes that he has no legal training, limited access to legal materials, and that his case has merit because his "allegations, if proved, would clearly establish a constitutional violation." (*Id.* at 7-9).

Defendants respond and argue that Plaintiff's case does not involve medical issues after screening and does not require investigation or further discovery because discovery has closed. (ECF No. 56 at 3-4). Defendants argue that Plaintiff has not shown the exceptional circumstances

necessary to appoint counsel because he has already demonstrated his ability to represent himself by responding to briefs and other pleadings. (*Id.* at 4). Finally, Defendants explain that Plaintiff's assertion that his "allegations, if proved" would establish a violation is true of any case and does not establish merit. (*Id.* at 5).

**II.    Discussion.**

### *A.    The Court denies Plaintiff's motions to compel.*

The Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "With respect to a motion to compel discovery, there is no specific deadline enunciated in the governing rules and a determination as to the timeliness of such a motion is left to the exercise of judicial discretion." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020). That determination is based on whether the movant unduly delayed. *Id.* "A finding of untimeliness, standing alone, dooms a motion to compel regardless of its substantive merits." *Id.*

A motion to compel filed before the discovery cutoff is generally considered timely. *Id.* (citing *V5 Technologies v. Switch, Ltd.*, 332 F.R.D. 356, 364-65 (concluding that a motion to compel filed five months before the discovery cutoff was timely based on the circumstances of that case even though it was filed eleven months after the discovery dispute arose)). "A motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase." *Id.* (citing *Gray v. Cox*, No. 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016) (concluding that a *pro se* prisoner's motion to compel filed the day after the dispositive motion deadline was untimely when filed seven weeks after the discovery dispute reached an impasse)). Finally, the court will not consider discovery motions unless the movant has made a good faith effort to meet and confer before filing the motion. *ImageKeeper LLC v. Wright National Flood Ins. Servs. LLC*, No. 2:20-cv-01470-GMN-VCF, 2021 WL 5234648, at *1 (D. Nev. Oct. 7, 2021).

The Court denies Plaintiff's motions to compel. While Defendants assert that Plaintiff's interrogatories and motion to compel were untimely, it is unclear to the Court exactly when

Plaintiff served his interrogatories and why there is a discrepancy between when Plaintiff dated his motion to compel and when he served it. Unfortunately, neither Plaintiff nor Defendants fully explain these discrepancies. The Court thus declines to decide the motions on timeliness grounds.

However, Plaintiff has not addressed Defendants' argument that he failed to meet and confer before filing his motion to compel. Plaintiff was apprised of this obligation by the Court's scheduling order. Because the Court will not consider a motion to compel without a good faith meet and confer, the Court denies Plaintiff's motions to compel.

### B. The Court denies Plaintiff's request to reopen discovery.

To the extent Plaintiff requests that the Court reopen discovery though his declaration, the Court denies that request. (ECF No. 49). Under Local Rule IA 6-1(a), a motion to extend time made after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). Under Local Rule 26-3, any request for an extension must be supported by a showing of good cause. LR 26-3.

The Court denies Plaintiff's request to reopen discovery. As a preliminary matter, Plaintiff's declaration is not a motion, and thus, does not properly seek relief. Additionally, Plaintiff does not provide excusable neglect for missing the discovery deadline. And while Plaintiff generally asserts that he will be unable to demonstrate a genuine issue of material fact to overcome summary judgment without Defendants' interrogatory responses, he does not otherwise demonstrate good cause for reopening discovery. The Court thus denies Plaintiff's request.

### C. The Court denies Plaintiff's motion for appointment of counsel.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

*Kern v. Henry* stands for the proposition that a case that has passed summary judgment and is proceeding to trial constitutes one example of a case both complex and likely to succeed to warrant appointing counsel. *Kern v. Henry et al.*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at *1-4 (D. Nev. Apr. 24, 2017). There, the court found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity and the procedural burdens of trial preparation. *Id.*

The Court denies Plaintiff's motion for appointment of counsel. Many of the circumstances Plaintiff describes as warranting counsel—expert witnesses, medical claims, interviewing witnesses, and conducting discovery—are not at issue in this case. Discovery has closed, meaning that Plaintiff is no longer entitled to introduce witnesses or conduct discovery. And Plaintiff is proceeding only on an excessive force claim, not deliberate indifference to medical care. Finally, while certain of Plaintiff's arguments fail, his motion demonstrates his capability in representing himself. The Court thus denies Plaintiff's motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to compel (ECF Nos. 43 and 45) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 54) is **denied**.

DATED: March 21, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE