UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lon Allen Clark,<br><br>                Plaintiff,<br><br>    v.<br><br>Cory McCormick; et al.,<br><br>                Defendants. | Case No. 2:21-cv-00173-RFB-DJA<br><br>**Order** |

      Before the Court are Plaintiff Lon Allen Clark's motions for appointment of counsel (ECF Nos. 70, 78) and motion "for the Court to have Defendant produce unedited version of body cam footage" (ECF No. 71). Because the Court finds that Plaintiff's motions for appointment of counsel are premature, it denies his motions without prejudice. The Court construes Plaintiff's motion "for the Court to have Defendant produce unedited version of body cam footage" as a motion to compel. Because the Court cannot find that the footage was edited based on the parties' competing assertions, the Court denies Plaintiff's motion to compel without prejudice.

**I.  Discussion.**

      ***A.  The Court denies Plaintiff's motions for appointment of counsel.***

      Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id*. Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In *Kern v. Henry*, the Honorable District Judge Richard F. Boulware appointed counsel to an inmate who asserted that HDSP violated his Eighth Amendment rights by imposing unconstitutional conditions of confinement. *See Kern*, 2017 U.S. Dist. LEXIS 62435, at *1-4. The court first found that the inmate's claim was likely to succeed because it had survived summary judgment and would proceed to trial. *Id.* It then found that the inmate would have difficulty articulating his claim considering its complexity. *Id.* The court explained:

> Plaintiff's Eighth Amendment conditions of confinement claim will involve both nuances of the law as it relates to different aspects of confinement, e.g. exercise and hygiene, and trial preparation in relation to witnesses who are confined (or were confined) with Plaintiff. While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial. The court finds that complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

*Id.*

Here, the Court denies Plaintiff's motions for appointment of counsel as premature. (ECF Nos. 70, 78). Defendant's motion for summary judgment is almost fully briefed and Plaintiff has just moved to stay his case. (ECF Nos. 79, 87). Plaintiff has demonstrated an ability to articulate his claims sufficiently enough to get him to the summary judgment stage. In the event he passes that stage, it is likely that, like the plaintiff in *Kern* who needed counsel to take his case to trial, Plaintiff will need similar help. But given that the motion for summary judgment is currently pending, Plaintiff has already filed his response, and Plaintiff has just sought a stay, granting him counsel at this stage would be premature. The Court thus denies Plaintiff's motions without prejudice, giving him leave to re-file his motion for counsel later.

### B. The Court denies Plaintiff's motion to compel LVMPD to produce unedited video.

The Court liberally construes Plaintiff's motion as a motion to compel. If a party resists discovery, the requesting party may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order compelling an answer, [or]

production ... if ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents ... as requested under Rule 34."). However, here, the Court cannot find that Defendants are resisting discovery. Plaintiff asserts that certain video time stamps of the body worn camera footage he received do not match the date of the incident. (ECF No. 71). He also asserts that the videos were produced in clips, rather than the full versions. (*Id.*). Defendants assert that they produced sixty-eight body worn camera videos, none of which were tampered with or edited. (ECF No. 75). Defendants filed only one of these videos—the body worn camera footage of Officer Schotthoefer—with the Court. (ECF No. 77). However, that video appears to be complete and unedited.

Based on the briefing before it, the Court cannot grant Plaintiff's motion to compel. Plaintiff and Defendants have completely different views about what Defendants produced to Plaintiff. And the Court has only received one of these videos. Without more, the Court cannot conclude that Defendants have edited the videos they produced to Plaintiff. The Court thus denies Plaintiff's motion to compel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to appoint counsel (ECF Nos. 70, 78) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 71) is **denied without prejudice.**

DATED: November 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE