# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lon Allen Clark, | Case No. 2:21-cv-00173-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Cory McCormick; et al., | |
| Defendants. | |

Before the Court is Plaintiff Lon Allen Clark's motion for appointment of counsel (ECF No. 93) and motion for the Court to order the U.S. Marshal to serve the City of Las Vegas (ECF No. 94). Because Plaintiff has not demonstrated exceptional circumstances, or any change since the Court last denied his motion for appointment of counsel, the Court denies his instant motion. (ECF No. 93). Because the service deadline has long passed, the Court denies Plaintiff's motion for service. (ECF No. 94).

**I.     Discussion.**

    *A.     The Court denies Plaintiff's motion for appointment of counsel.*

The Court denied Plaintiff's previous motions for appointment of counsel on November 8, 2022. (ECF No. 89). It explained,

> Here, the Court denies Plaintiff's motions for appointment of counsel as premature. (ECF Nos. 70, 78). Defendant[]s['] motion for summary judgment is almost fully briefed and Plaintiff has just moved to stay his case. (ECF Nos. 79, 87). Plaintiff has demonstrated an ability to articulate his claims sufficiently enough to get him to the summary judgment stage. In the event he passes that stage, it is likely that, like the Plaintiff in *Kern* [*v. Henry*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at \*1-4 (D. Nev. April 24, 2017)] who needed counsel to take his case to trial, Plaintiff will need similar help. But given that the motion for summary judgment is currently pending, Plaintiff has already filed

his response, and Plaintiff has just sought a stay, granting him counsel at this stage would be premature.

(ECF No 89 at 2).

Plaintiff filed the instant motion to appoint counsel less than thirty days after the Court's ruling denying his previous motions. (ECF No. 93). In it, Plaintiff argues that he has not been able to access the law library, that the prison transferred the person helping him with his case, and that he can only request copies of cases. (*Id.*). Defendants respond that Plaintiff has failed to demonstrate exceptional circumstances beyond those difficulties which all inmates face in litigating cases. (ECF No. 95). In reply, Plaintiff primarily argues the merits of his case. (ECF No. 98).

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court denies Plaintiff's motion for appointment of counsel because he has not demonstrated exceptional circumstances. The difficulty Plaintiff describes is the same that most incarcerated litigants face. And Plaintiff's case has not progressed procedurally from the stage where the Court last found his motion for appointment of counsel premature.

**B.     The Court denies Plaintiff's motion for service.**

Plaintiff moves the Court to order the U.S. Marshal to serve the City of Las Vegas with Plaintiff's amended complaint. (ECF No. 94). The Court screened Plaintiff's amended complaint on March 25, 2021. (ECF No. 10). In that screening order, the Court permitted Plaintiff's Fourteenth Amendment excessive force claim against the City of Las Vegas to proceed. (*Id.* at

4). That order also specified that "service must be accomplished within 90 days from the date this order is entered." (*Id.*).

After Plaintiff requested further instructions for service, the Court reiterated its previous instructions, sent Plaintiff additional USM-285 service forms, and extended the service deadline to September 23, 2021. (ECF No. 20). The USM-285 form for the City of Las Vegas was returned unexecuted on September 2, 2021. (ECF No. 35). Over a year later, on November 21, 2022, the Clerk of Court filed a notice that, because there had been no proof of service filed as to the City of Las Vegas, the action against it might be dismissed without prejudice unless proof of service was filed by December 21, 2022. (ECF No. 92). Plaintiff filed his motion for service on December 7, 2022. (ECF No. 94).

Under Federal Rule of Civil Procedure 4(m), if the plaintiff shows good cause for the failure to serve a defendant, the Court must extend the time for service for an appropriate period. However, Plaintiff's motion provides no reason he has not served the City of Las Vegas. Nor does he seek an extension. Given the length of time that has passed since the Court's extended service deadline, the Court is not inclined to grant Plaintiff's motion or extend the time for service with no explanation.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 93) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for service (ECF No. 94) is **denied without prejudice.**

DATED: March 21, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE