UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LON ALLEN CLARK, | Case No. 2:21-cv-00173-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| CORY MCCORMICK, *et al.* | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court are three motions: Defendant Las Vegas Metropolitan Police Department ("LVMPD") and Officer Cory McCormick's Motion for Summary Judgment, (ECF No. 79), and Plaintiff Lon Allen Clark's Motion to Extend Time, (ECF No. 86), and Motion to Stay Proceedings, (ECF No. 87).

For the reasons stated below, the Court grants Defendants' Motion for Summary Judgment and Plaintiff's Motion to Extend Time but denies Plaintiff's Motion to Stay Proceedings.

## II.  PROCEDURAL BACKGROUND

On February 1, 2021, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), attaching his complaint to the motion. ECF No. 1-1. On February 5, 2021, the Court granted Plaintiff's motion to proceed IFP but dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted, with leave to amend. ECF No. 3. On March 19, 2021, Plaintiff filed an amended complaint. ECF No. 9. On March 25, 2021, the Court screened the amended complaint, allowing the following claims to proceed: excessive force under the Fourteenth Amendment against Defendant McCormick and ratification of excessive force under

Section 1983 against LVMPD and the City of Las Vegas. ECF No. 10. Defendants LVMPD and McCormick then filed a motion for summary judgment on November 23, 2021. ECF No. 39. Plaintiff filed a Response on March 24, 2022. ECF No. 62. Defendants filed a Reply on April 7, 2022. ECF No. 63. On July 1, 2022, the Court reopened discovery until September 2, 2022 and denied the motion for summary judgment without prejudice to refile after the close of discovery. See ECF No. 66. Dispositive motions were now due September 19, 2022. Id.

Defendants filed the instant Motion for Summary Judgment on September 19, 2022. ECF No. 79. On October 7, 2022, Plaintiff filed a Motion to Extend Time to Respond to the summary judgment motion. ECF No. 86.[1] Plaintiff filed a Response on October 26, 2022. ECF No. 88. Defendants filed a Reply on November 9, 2022. ECF No. 90. Defendants filed an addendum to the motion on May 2, 2023. ECF No. 100.

On October 26, 2022, Plaintiff filed a Motion to Stay Proceedings. ECF No. 87. Defendants filed a Response on November 9, 2022. ECF No. 91.

The Court held a motion hearing for June 1, 2023 regarding the pending motions. ECF No. 103.

This Order follows.

### III. DISCUSSION

The Court first addresses Defendants' motion for summary judgment. It finds that Plaintiff's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Further, As Plaintiff's Section 1983 ratification claim relies on his excessive force claim, Plaintiff's claims against Defendants LVMPD and City of Las Vegas fail as a matter of law.

In Heck v. Humphrey, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[1] The Court grants this motion nunc pro tunc.

- 2 -

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." Id. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. "To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, [a court] must determine which acts formed the basis for the conviction. When the conviction is based on a guilty plea, [a court] look[s] at the record to see which acts formed the basis for the plea." Lemos v. County of Sonoma, 40 F.4th 1002, 1006 (9th Cir.), cert. denied sub nom. County of Sonoma v. Lemos, 214 L. Ed. 2d 236, 143 S. Ct. 429 (2022).

The Court finds that Plaintiff's excessive force claim is Heck barred. A judgment in favor of the Plaintiff on his excessive force claim would directly challenge an aspect of his conviction or sentence. Plaintiff's excessive force claim argues that the officers use of deadly force was unreasonable. This is because Plaintiff was not committing any crime when the officers encountered him; nor was he armed or dangerous. In fact, it was because Defendants failed to identify themselves as police officers, that Plaintiff believed he was going to be robbed, and therefore decided to flee in the U-Haul truck. According to LVMPD's Declaration of Arrest Report, Plaintiff:

> intentionally used force and violence upon Officer McCormick when he intentionally drove at and struck Officer McCormick with the U-haul pickup truck he was driving. Clark initially reversed and there was no obstructions behind him where he could have escaped. Clark then intentionally drove forward, and body worn camera video shows Clark appearing to duck below the door as he accelerated towards Officer McCormick prior to the officer-involved shooting."

ECF No. 79-1 at 4. Plaintiff thereafter was criminally charged, and later convicted of, battery with a deadly weapon on a police officer in violation of Nevada Revised Statute ("NRS") § 200.481

(1)(a)(1).[2] To challenge Officer McCormick's use of deadly force, Plaintiff would have to argue, as he does here, that the officer did not have a reasonable basis to use force against Plaintiff after Plaintiff failed to comply with the officers' orders and drove away in the U-Haul truck, and, in doing so, hit, or almost hit, the officer. See Graham v. Connor, 490 U.S. 386, 395-97 (1989) (Claims of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard.); Estate of Martinez v. City of Fed. Way, 105 F. App'x 897, 898 (9th Cir. 2004) ((citing Tennessee v. Garner, 471 U.S. 1, 11 (1985)) ("An officer may reasonably use deadly force when he 'has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer[s] or to others.'")); United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987) (per curiam) ("It is indisputable that an automobile can inflict deadly force on a person and that it can be used as a deadly weapon."). Accordingly, the Court finds that, if Plaintiff's excessive force claim was successful it would necessarily imply the invalidity of his conviction or sentence. See Heck, 512 U.S. at 487. Thus, Plaintiff's excessive force claim is Heck barred until he can show that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.

Additionally, the Court finds that, because Plaintiff's excessive force claim is Heck barred, his Section 1983 Monell claim[3] for ratification against LVMPD and City of Las Vegas, based on his excessive force claim, fails as a matter of law. See Lockett v. County of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020) (stating that Monell claims are "contingent on a violation of constitutional rights"). Therefore, summary judgment is granted in Defendants' favor on all Plaintiff's claims.

---

[2] NRS 200.481 provides in relevant part: "Battery" means "any willful and unlawful use of force or violence upon the person of another." Nev. Rev. Stat. § 200.481(1)(a); Ortega–Mendez v. Gonzales, 450 F.3d 1010, 1016 (9th Cir. 2006) (The phrase "use of force or violence" is a "term of art, requiring neither a force capable of hurting or causing injury nor violence in the usual sense of the term."); see also Holland v. City of San Francisco, 2010 WL 5071597, at *3-6 (N.D. Cal. Dec. 7, 2010) ("In other words, force against the person . . . need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark."); Hobbs v. State, 251 P.3d 177, 179 (Nev. 2011) ("[T]he language of NRS 200.481 indicates that nonharmful and nonviolent force suffices."). "Officer" means "[a] person who possesses some or all of the powers of a peace officer." Nev. Rev. Stat. § 200.481(d)(1).

[3] See generally Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

- 4 -

### IV. CONCLUSION

**IT IS ORDERED** that Defendant Las Vegas Metropolitan Police Department and Officer Cory McCormick's Motion for Summary Judgment (ECF No. 79) is **GRANTED**. Plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as to Defendant City of Las Vegas. Plaintiff has failed to show good cause why this action should not be dismissed without prejudice for failure to timely serve Defendant City of Las Vegas, according to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff Lon Allen Clark's Motion to Extend Time (ECF No. 86) is **GRANTED**, nunc pro tunc.

**IT IS FURTHER ORDERED** that all other motions in this case are **DENIED** without prejudice as moot.

The Clerk of the Court shall enter judgment accordingly and close this case.

**DATED:** August 28, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**